IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THOMAS JEFFREY WILLIAMS ) | |
| ) | |
| v. ) | NO. 3:05-0786 |
| ) | JUDGE CAMPBELL |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, et al. ) | |

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 8). For the reasons stated herein, Defendants' Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff is an inmate in the Hardeman County, Tennessee correctional facility and brings this action for money damages, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Defendants Tennessee Department of Corrections ("TDOC"), David Mills, Warden, and Carl Saunder, Correctional Officer, for violation of his constitutional rights. Plaintiff asserts that, on or about October 5, 2004, while in the custody of TDOC and under the control of Defendants Mills and Saunder, he was attacked by other inmates. Plaintiff asserts that the attack occurred because of the deliberate indifference of Defendant Saunder. Plaintiff contends that he was seriously injured by the attack and by Defendant Saunder's deliberate indifference to Plaintiff's medical needs.

Plaintiff also alleges that he filed three grievances to complain about his treatment. Plaintiff claims that, rather than consider his grievances, Defendants charged Plaintiff with fighting, brought him before a disciplinary board, and sentenced him to ten days further confinement and restitution of $579.40, all in violation of his constitutional rights to due process.

Defendants have filed a Motion to Dismiss based upon sovereign immunity, alleging that service of process was accepted for Defendants Mills and Saunder in their official capacities only. Defendants also argue that to the extent any tort claims which would not be barred by sovereign immunity are asserted against them, those claims must be brought before the Tennessee Claims Commission. The Court does not read Plaintiff's Complaint as asserting tort claims.

Plaintiff's Complaint does not specifically say in what capacity the individual Defendants are sued. Plaintiff claims, in response to Defendants' Motion, that he intended to sue Defendants Mills and Saunder personally.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## DISCUSSION

It is well established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages. Turker v. Ohio Dept. of Rehabilitation and Corrections,

2

157 F.3d 453, 456 (6th Cir. 1998). Neither a State nor its officials acting in their official capacities are "persons" under Section 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2311-12 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992). Therefore, all claims against TDOC and against Defendants Mills and Saunder in their official capacities are DISMISSED.

A plaintiff may sue state officials for monetary damages under Section 1983 in their individual capacities, however, without running afoul of the Eleventh Amendment. Turker, 157 F.3d at 457. The Sixth Circuit has held that a Section 1983 plaintiff must set forth clearly in his pleading that he is suing a state defendant in his individual capacity for damages, not simply in his capacity as a state official. Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989). An ambiguous complaint will be interpreted as being against a defendant in his official capacity only. Id. at 594.

Where, as here, no explicit statement appears in the pleadings, the Sixth Circuit uses a "course of proceedings" test to determine whether the Section 1983 defendants have received notice of the plaintiff's intent to hold them personally liable. Shepherd v. Wellman, 313 F.3d 963, 967-68 (6th Cir. 2002). Under this test, the court is to consider the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint. Id. at 968. The court also considers whether subsequent pleadings put the defendant on notice of the capacity in which he is being sued. Id.

In this case, the Complaint is ambiguous. This case is in the early stages of litigation, however. The Court finds that Plaintiff's Response to the Motion to Dismiss is sufficient to allow Plaintiff to amend his Complaint to clearly set forth that he is suing the individual Defendants in their individual capacities for damages and put them on notice of that fact. The Court takes no position at this time on the viability of any such claims.

3

Accordingly, on or before February 21, 2006, Plaintiff shall file and serve an Amended Complaint to clarify his claims. Otherwise, this action will be dismissed for the reasons stated above.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4

Case 3:05-cv-00786   Document 16   Filed 02/02/06   Page 4 of 4 PageID #: 47